■ In the Matter of TINA HOWLAND, Petitioner, v BRIAN J. WING, as Commissioner of New York State Office of Temporary and Disability Assistance, et al., Respondents. [768 NYS2d 863]—

CPLR article 78 proceeding transferred to this Court by an order of Supreme Court, Jefferson County (Gilbert, J.), entered June 11, 2003, seeking review of a determination to reduce petitioner's family assistance benefits.

It is hereby ordered that the determination be and the same hereby is unanimously annulled on the law without costs and the petition is granted.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking review of the determination, following a fair hearing, reducing the amount of her public assistance based on her failure to attend a job search seminar without "good cause." We agree with petitioner that the determination is not supported by substantial evidence and therefore must be annulled.

Pursuant to Social Services Law § 336 (1) (m), "Social services districts may . . . require applicants for and recipients of public assistance to participate in a variety of activities, including . . . job search and job readiness assistance . . . ." Social Services Law § 341 (1) provides in relevant part that, "if a participant has failed or refused to comply with the requirements of this title, the social services district shall issue a notice indicating that such failure or refusal has taken place and of the right of such participant to conciliation to resolve the reasons for such failure or refusal . . . If the district determines that such failure or refusal was willful and without good cause, the district shall notify such participant in writing . . . of its intent to discontinue or reduce assistance, including the reasons for such determination and the right to a fair hearing relating to such discontinuance or reduction." Good cause "includes circumstances beyond the individual's control, such as, but not limited to, illness of the member, illness of another household member requiring the presence of the member, a household emergency, or the lack of adequate child care for children who have reached age 6 but are under age 13" (12 NYCRR 1300.12 [c] [1]).

Here, the record establishes that petitioner missed only one of a total of seven job search seminars, and that her failure to attend was for good cause. She presented uncontroverted proof that the starter to her car was rendered inoperable, a circumstance beyond her control. The fact that she had no funds to make repairs that day also was uncontroverted. There is no public transportation between petitioner's home and the site of the job search seminar, a distance of approximately 14 miles, and it was also uncontroverted that, when petitioner telephoned her public assistance worker to inform him of her situation, he refused to excuse her absence but he did not offer to pay for her transportation by taxi, nor did he offer any alternative transportation. Petitioner was able to obtain transportation to the job search seminar from another driver but she would have arrived very late, so she instead filed six job applications that day and attended the next scheduled job search seminar one week later. Under these circumstances, we conclude that the determination that petitioner did not establish good cause for her failure to attend the job search seminar is not supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182 [1978]). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Gorski, JJ.